GEORGE M. COLLINS, JOHN K. CLARKE, FRANK E. MIDKIFF, EDWIN P. MURRAY AND JOSEPH B. POINDEXTER, TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BERNICE P. BISHOP, DECEASED, *v.* C. NILS TAVARES, ATTORNEY GENERAL OF THE TERRITORY OF HAWAII.

No. 2589.

SUBMITTED JANUARY 27, 1945.            DECIDED JULY 24, 1945.

KEMP, C. J., PETERS AND LE BARON, JJ.

*Per Curiam.* This case is before us upon reservation, pursuant to the provisions of Revised Laws of Hawaii 1935, sections 3540 and 3541.

The questions presented are (1) whether the trustees under the will and of the estate of Bernice P. Bishop, deceased, have authority to establish and maintain a coeducational elementary department for day scholars at the Kamehameha Schools, extending from kindergarten through the seventh or eighth grades, and (2) whether they

110

have authority to deduct annually from the income of the trust estate a sum equal to the amount of the estimated depreciation (including obsolescence) on the existing buildings in which the boarding schools are being maintained and which cost about three million dollars, and to set the sum aside in a special reserve for the purpose of rebuilding or reinstating such buildings, or any of them, which may become damaged or destroyed by the act of God or the public enemy, or may become obsolete or deteriorate so as to require replacement, to the end that the capital of the trust shall not be impaired and the purpose of the trust may not be defeated.

The circuit judge, in a written decision filed by him, answered both questions in the affirmative. And the additional question is presented in the reservation whether he shall enter a decree accordingly.

For the reasons hereinafter stated we must decline to consider the reservation.

From the briefs filed in this court by the trustees and the attorney general of the Territory, the respondent herein, it appears that both parties are in agreement that the two main questions should be answered in the affirmative and that a decree should be entered accordingly. Under the circumstances a decree of the circuit judge having jurisdiction of the bill to that effect would be sufficient for all purposes to be served by a judicial determination of the questions propounded by the bill. On the other hand, the agreement of all counsel upon what action should be taken by this court upon reservation "precludes the presentation to us of opposing contentions, which is one of the great assurances of the establishment of a sound precedent."[1]

Moreover, it appears that evidence was adduced before the trial judge in support of the contention of the trustees

[1] Greenwich Trust Co. v. Brixey, 117 Conn. 663, 664, 166 Atl. 918.

that since the death of the testatrix a material change has occurred in this community with respect to the relations between males and females and that because of that change coeducation would be advisable and should be permitted, in the interest of efficiency in the operation of the Kamehameha Schools and of the complete attainment of the purpose of the testatrix. While this evidence is undisputed, it may involve a finding of fact and this court upon reservation, differently than upon general appeal, may only consider questions of law. (R. L. H. 1935, § 3540, now R. L. H. 1945, § 9541.)

Under the circumstances, the reservation is returned to the circuit judge, whence it came, for further proceedings as he may be advised.

*Robertson, Castle & Anthony* for petitioners.

*R. B. Jamieson*, Deputy Attorney General, for respondent.